# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:05CV61

| | |
|---|---|
| THERON MULLINAX, Guardian ad Litem for George Howard McElrath, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>ROBERT G. WARREN, and wife, )<br>VIKI B. WARREN, and MOUNTAIN )<br>TOP FARMS, L.L.C., )<br>)<br>Defendants, )<br>)<br>And )<br>)<br>UNITED STATES OF AMERICA, and )<br>CENTRAL CAROLINA BANK, )<br>)<br>Intervenor-Defendants. )<br>_____) | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the petition of the Defendants Robert and Viki Warren and Mountain Top Farms, LLC (Defendants) for the disclosure of grand jury materials, which is opposed by the Plaintiff.

During the criminal investigation of the Defendants, George Howard McElrath, who was represented by counsel at the time, allegedly testified

before a federal grand jury concerning financial transactions which he had with the Warrens.  Subsequent to that testimony, a guardian *ad litem* was appointed for McElrath.  In this civil action, McElrath, through his guardian *ad litem*, has alleged that Robert Warren exercised undue influence over him and/or defrauded him resulting in the transfer by McElrath to Warren of certain real property.  Defendants claim the grand jury testimony relates to the same matters as involved in the civil action.  And, they claim that no one raised the issue of his competency during his testimony before the grand jury.  By contrast, the Defendants note that McElrath appears through his guardian *ad litem* in this action due to alleged mental incompetence.  Thus, they argue that his testimony at the time of the grand jury is the best evidence of his memory of the events which are the subject matter of this lawsuit.  During a deposition of McElrath's guardian, the guardian allegedly opined that McElrath is presently incompetent.  Thus, the viability of a deposition of McElrath is futile.

The Plaintiff objects, claiming the two lawsuits are unrelated because one involved a criminal prosecution while this is a civil matter.  Plaintiff also claims the Defendants have not shown a particularized need.  Noting that the Defendants did not seek to depose McElrath in the civil action, they

also point out that this petition was brought after discovery in the civil action closed. For the reasons noted *infra*, the latter argument is rejected.

> In light of the import of the grand jury's core functions, secrecy is a hallmark of its proceedings. However, Federal Rule of Criminal Procedure 6(e) provides exceptions to the general rule of secrecy. At issue in the present case is Federal Rule of Criminal Procedure 6(e)(3)(C)(i), which in pertinent part provides that disclosure may be made "when so directed by a court preliminary to or in connection with a judicial proceeding." According to the Supreme Court, the burden is on the applicant for disclosure of confidential grand jury materials to establish "a strong showing of particularized need . . . before any disclosure will be permitted." In demonstrating particularized need, the party must establish that (1) the material "is needed to avoid a possible injustice in another judicial proceeding," (2) "the need for disclosure is greater than the need for continued secrecy," and (3) "the request is structured to cover only material so needed." In balancing the need for secrecy and disclosure, courts must be cognizant of the rationale behind grand jury confidentiality.
>> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. . . .
>
> Once the proceeding of the grand jury ends, the interests of secrecy are reduced, but not eliminated. "[S]tringent protection of the secrecy of completed grand jury investigations may be necessary to encourage persons to testify fully and freely before future grand juries."

*Gilbert v. United States*, 203 F.3d 820 (table), 2000 WL 20581, **2-3 (4th Cir. 2000) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19, 222 (1979); *United States v. Sells Eng'g Inc.*, 463 U.S. 418, 443 (1983); *Illinois v. Abbot & Assocs., Inc.,* 460 U.S. 557, 566 n.11 (1983)) (other internal citations omitted).

One of the issues in this action is whether McElrath was subjected to undue influence by Robert Warren, apparently at a time when McElrath was not mentally or emotionally competent. Indeed, the fact that he now has a guardian means that the court which appointed the guardian found him to be presently incompetent. Thus, his previous testimony before the grand jury at a time when he may have been competent may be the best evidence of the actual facts involved in the transactions.

> To show a compelling and particularized need, the private party must show "'circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to *specific* grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process.'"

*United States v. Aisenberg*, 358 F.3d 1327, 1348-49 (11th Cir.), *cert. denied*, 543 U.S. 868 (2004) (quoting *United States v. Elliott*, 849 F.2d 554, 558 (11th Cir. 1988)). If McElrath's testimony before the grand jury

conflicts with the allegations made in this civil action, then the grand jury testimony from the criminal prosecution may avoid a possible injustice in the civil action. **Gilbert, supra (citing Douglas Oil, 411 U.S. at 222); Eng v. Coughlin, 726 F. Supp. 40 (W.D.N.Y. 1989) (*In camera* review provided in order to ascertain whether the testimony before the grand jury may serve to either impeach or refresh recollection of a witness); Pontarelli Limousine, Inc. v. City of Chicago, 652 F. Supp. 1428 (N.D. Ill. 1987) (Grand jury testimony may refresh the witness' memory and was not available from another source).**

The second factor for consideration is whether the need for disclosure outweighs the need for continued secrecy. The grand jury investigation at hand has long since been completed; thus, the interests of secrecy are reduced. **Gilbert, at \*\*4.** The United States Attorney has not opposed the disclosure of this discrete portion of the grand jury materials, a fact which indicates the investigation does not require any further secrecy. **See, e.g. Aisenberg, 358 F.3d at 1351 (Noting the Government's investigation may have been at a standstill but was still extant and disclosure of facts could impair future attempts to find the**

**missing baby);** ***In re Grand Jury Subpoena*, 103 F.3d 234, 240 (2d Cir. 1996).**

Moreover, the material sought is discrete: only that portion of McElrath's testimony relating to financial transactions which are involved in the real property at issue in this civil action.  ***Gilbert, supra; accord, Aisenberg, supra.***  Indeed, the information sought may not have had any bearing at all on the criminal investigation itself, thus reducing the need for secrecy.  ***In re Grand Jury Investigation*, 55 F.3d 350, 354 (8th Cir. 1995).**  "By requiring the disclosure of [McElrath's] testimony [only as to the financial transactions at issue], we lift the veil of grand jury secrecy no more than is absolutely necessary and so adhere to the *Douglas Oil Co.* admonition that disclosure be no greater than needed."  ***Gilbert, supra.***

**IT IS, THEREFORE, ORDERED** that the portion of the grand jury testimony of George Howard McElrath which relates to the financial transactions involving the real property at issue in this civil action shall be submitted to the undersigned for an *in camera* review.  In the event that the undersigned determines the testimony is relevant to the pending civil action, it will be ordered disclosed without further discussion.

7

Signed: March 31, 2006

*[signature]*

Lacy H. Thornburg
United States District Judge